IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AUTHOR MANNING THE II, § | |
| § | |
| *Plaintiff* § | |
| v. § | |
| § | |
| § Civil Action No. 6:23-cv-00475-JCB-KNM | |
| MERRILL LYNCH, BANK OF § | |
| AMERICA, § | |
| § | |
| *Defendant.* § | |
| § | |

**DEFENDANT'S MOTION TO DISMISS UNDER**
**FED. R. CIV. P. 12(B)(5) AND (12)(B)(6) AND BRIEF IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated[1] ("Merrill") moves to dismiss Plaintiff's original petition, titled "Petition and Request for Disclosures" (the "Petition") (Dkt. No. 2-3), filed *pro se* by Plaintiff Author Manning the II ("Plaintiff") for insufficient service of process and failure to state a claim upon which relief can be granted.

**I.**
**INTRODUCTION**

Plaintiff's Petition is subject to dismissal on two, independent grounds under Federal Rule 12(b). First, Plaintiff's Petition is subject to dismissal under Fed. R. Civ. P. 12(b)(5) because he has failed to effectuate service of process upon an appropriate agent authorized to accept service on behalf of Merrill under Texas law. Further, Plaintiff cannot demonstrate good cause to extend the time for service under Fed. R. Civ. P. 4, as he waited over 90 days to provide the state court clerk with an address to which the citation should be directed–and an incorrect one at that. As it

---

[1] The named entity "Merrill Lynch, Bank of America" does not exist. Defendant assumes Plaintiff intended to name Merrill Lynch, Pierce, Fenner & Smith Incorporated and files this Motion to Dismiss as such.

1

has now been over four months since Plaintiff initiated this lawsuit, the Petition should be dismissed with prejudice for insufficient service of process.

Second, Plaintiff's Petition is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief granted.  In the first instance, the Petition fails to give Merrill fair notice of the claims against it, as Merrill cannot discern whether Plaintiff's case sounds in contract, tort, or some other theory of liability.  As best Merrill can gather, Plaintiff *may be* pursuing a claim for conversion in an effort to "recover the Ownership of the business, revenue, Income, earnings and Assets of the business."  Dkt. No. 2-3 at 1.  However, to the extent that is the case, Plaintiff cannot state a claim for conversion based on his alleged intangible property rights in the ownership of the business, nor in connection with the general pool of funds comprising Merrill's revenue, income, earnings, and assets (to which Merrill also has a title claim).  Further, the factual basis for Plaintiff's entire Petition is wholly implausible.  Publicly available information confirms that Merrill Lynch, Pierce, Fenner & Smith Incorporated was originally incorporated in Delaware in 1952—before Plaintiff was even born.  Accordingly, it is impossible that Plaintiff is an "original Founder and Owner" of Merrill based on judicially noticeable facts.  *Id.*

## II.
## FACTUAL BACKGROUND

### A.     Plaintiff's Attempt at Service

On May 9, 2023, Plaintiff, a *pro se* litigant, initiated this lawsuit in the 4th Judicial District Court of Rusk County, Texas.  Dkt. No. 2-3.  On information and belief, Plaintiff is an individual who resides in Overton, Texas.  *See* Dkt. No. 2-8 at 2.

Over three months later, on August 14, 2023, Plaintiff filed an untitled document stating "Citations are requested issued by Certified Mail . . . to the Defendant : Merrill Lynch Bank of America At Address: Two World Financial Center, 250 Vesey Street North Tower;, New York,

New York, 10080, NY." *Aug. 14, 2023 Untitled Filing,* Ex. 1. Merrill assumes Plaintiff intended to request a citation addressed to Merrill's former world headquarters, located at **Four** World Financial Center, 250 Vesey Street, New York, NY **10281**. *See Declaration of Desirae Wells* ("Wells Decl."), Ex. 2 at ¶ 2. However, Merrill vacated that address in May 2022. *Id.*

Nonetheless, the state court clerk issued a citation to "Merrill Lynch, Bank of America," addressed it pursuant to Plaintiff's August 14, 2023 filing, and thereafter attempted to complete service via certified mail. *See* Dkt. 2-4. The "Return of Service" filed by the state court clerk indicates that the package was accepted by an individual named "Mario Ruiz" in "New York, New York 10007." *Return of Service,* Ex. 3.

### B.     Plaintiff's Claim to Ownership of Merrill

Upon review, the Petition asserts no readily identifiable legal claim against Merrill. Rather, Plaintiff generally alleges that he is "the original Founder and Owner of the Bank Merrill Linch/Lynch," and that "Defendant has acquired ownership of the Plaintiff's business the bank Merrill Lynch Bank[.]" *See* Dkt. No. 2-3 at 1-2. As a result, Plaintiff claims he is entitled to "return of the Ownership and recover the Ownership of the business, revenue, income, earnings and Assets of the business," "money involved in any unauthorized transaction," and "[a]dditional relief in the amount of $500,000,000." *Id.* He in particular appears to contend the merger between Merrill and "another bank company" was an "unauthorized transaction," because as "the true original owner of the Bank Merrill Lynch" he "did not sign the agreement or contract with Bank of America to obtain a loan." *Id.* at 2. Thus, according to Plaintiff, "[t]he Bank Merrill Lynch is not liable for any contract agreements that was not made by the original owner or face penalty in default of non payment by law." *Id.*

3

Notably, Plaintiff's claims of ownership of large, multi-national corporations are not limited to Merrill. Over roughly the last three years—and as recently as September 18, 2023—he has filed numerous trial court actions and appeals. Although Merrill believes the total number to be much greater, it has been able to readily identify twenty-seven trial court actions (including the instant case) and seven appeals filed by Plaintiff. *See* **Appendix A**. In most of these cases, including in others filed against Merrill, Plaintiff similarly claims that he is an original "owner" or "founder" of various prominent companies and/or their renowned intellectual property. *See, e.g., Manning v. Paramount,* No. 6:23-cv-00444 (E.D. Tex. Sept. 1, 2023) [Dkt. No. 1-1] (alleging "The Plaintiff is the original maker and founder of satellite and Cable TV, the Ninja Turtles, Naruto, the Transformers animated tv series, Music Video, The material for the Defendants subsidiaries businesses Nickelodeon"). While many of the cases filed by Plaintiff have never been properly served, still many others have been dismissed pursuant to Fed. R. Civ. P. 12(b)(6), Tex. R. Civ. P. 91a, or Plaintiff's own failure to prosecute the actions or abide by applicable rules and procedures. *See, e.g., Author J. Manning Jr., Graffic Knights, Spectrem Swarm..LLC v. Spectrum Gulf Coast, LLC (Time Warner)*, No. 6:20-cv-00594 (E.D. Tex. Feb. 23, 2021) [Dkt. No. 13] (dismissing claims under Fed. R. Civ. P. 12(b)(6)); *Graffic Knights LLC; Author Manning II v. General Motors,* No. D-1-GN-21-002671 (250th Dist. Ct., Travis County, Tex. June 7, 2021) (granting motion to dismiss under Tex. R. Civ. P. 91a and declaring Plaintiff a vexatious litigant)*; Author J. Manning Jr. v. Alpha Acquico LLC,(RedBird) Capital,* No. 2021-012 (Rusk County, Tex. Apr. 12, 2023) (ordering dismissal for want of prosecution).

# III.
# ARGUMENT

## A.　　Legal Standards

### 1. *Insufficient service of process under Federal Rule 12(b)(5)*

A Rule 12(b)(5) motion to dismiss "turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.,* 213 Fed.Appx. 343, 344 (5th Cir. 2007). Specifically, a "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.,* 289 Fed.Appx. 688, 691 n.3 (5th Cir. 2008) (internal citation and quotation marks omitted). A "district court has 'broad discretion to dismiss an action for ineffective service of process.'" *Coleman v. Carrington Mortgage Servs., LLC,* No. 4:19-CV-00231-ALM-CAN, 2021 WL 1725523, at *1 (E.D. Tex. Apr. 12, 2021) (internal citation omitted). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly,* 213 Fed.Appx. at 344. "In addition to constituting grounds for dismissal, . . . insufficient service of process also implicate[s] a court's authority to exercise personal jurisdiction over a defendant." *Lahman v. Nationwide Provider Solutions,* No. 4:17-CV-00305, 2017 WL 4169000, at *1 (E.D Tex. Sept. 20, 2017) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")). Thus, if a defendant has not been properly serviced with process, a district court connect exercise jurisdiction over the defendant or the matter. *Lahman,* 2017 WL 4169000, at *1.

### 2. *Failure to state a claim under Federal Rule 12(b)(6)*

A motion to dismiss under 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In evaluating the motion, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S.

5

662, 679 (2009).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  While "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (citations and quotation marks omitted).

Courts may also dismiss with prejudice "claims that are clearly baseless, including claims describing fantastical or delusional scenarios." *Starrett v. Dep't of Def.,* 763 Fed.Appx. 383, 383-84 (5th Cir. 2019) (citation and quotation marks omitted).  Indeed, dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992); *see, e.g., Starrett,* 763 Fed.Appx. at 384 (dismissing with prejudice complaint based on "outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication using nonexistent technology").

> **B. The Court should dismiss the Petition under Fed. R. Civ. P 12(b)(5), as Plaintiff has failed to properly effectuate service of process upon Merrill.**

The Court should dismiss Plaintiff's Petition under Fed. R. Civ. P. 12(b)(5), as he has failed to properly effectuate service upon Merrill.  Further, as Plaintiff cannot demonstrate a good faith, reasonable basis for his failure to properly serve the citation and Petition, the Court should decline to extend the time for service.

> **1. *Plaintiff failed to identify and serve an appropriate agent authorized to accept service on behalf of Merrill in accordance with Texas law.***

As Plaintiff initially attempted to serve Merrill in connection with the state court action prior to removal, this analysis looks to the Texas Rules of Civil Procedure to determine whether service was proper.  *See Freight Terminals, Inc. v. Ryder Sys., Inc.,* 461 F.2d 1046, 1052 (5th Cir.

6

1972) (a federal district court looks "to state law to ascertain whether service was properly made prior to removal").

Pursuant to the Texas Rules of Civil Procedure, service upon a corporation must be made upon designated individuals who are authorized to accept service of process on behalf of the corporation. Tex. Bus. Orgs. Code § 5.255. Specifically, "Texas allows service of process on a corporation's registered agent, president, or vice president." *Winegarner v. Cinemark Holdings, Inc.,* No. 4:09-cv-00627, 2010 WL 5489617, at *2 (E.D. Tex. Oct. 27, 2010), *report and recommendation adopted,* No. 4:09-cv-00627, 2011 WL 13837 (E.D. Tex. Jan. 4, 2011) (citing Tex. Bus. Orgs. Code §§ 5.201, 5.255(1)). Such service may be made by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). In order to complete service of process via certified mail, "the addressee on a certified mail receipt must sign it . . . ." *Talamantez v. Bexar County Sheriff,* No. 5:16-CV-012-DAE, 2016 WL 5390154, at *6 (W.D. Tex. Sept. 26, 2016) (citing Tex. R. Civ. P. 107(c)). "If the return receipt is not signed by the addressee, the service of process is defective." *Southwestern Sec. Servs., Inc. v. Gamboa,* 172 S.W.3d 90, 92 (Tex. App. 2005).

Here, Plaintiff requested service of process not upon Merrill's registered agent, president, or vice president, but to an address that is no longer affiliated with any entity or employee connected to Merrill. Specifically, Plaintiff requested citations generically addressed to "Merrill Lynch Bank Bank[sic] of America" at "Two World Financial Center, 250 Vesey Street North Tower;, New York, 10080, NY." Ex. 1. Merrill's world headquarters were previously located at ***Four*** World Financial Center, 250 Vesey Street, New York, New York ***10281***. Wells Decl., Ex.

7

2 at ¶ 2.[2]  Notably, a simple Internet search reveals that *Two* World Financial Center—while similarly no longer called that—was located at 225 Liberty Street, New York, New York, 10281.

Even assuming Plaintiff had identified the building name and address for Four World Financial Center without error in his August 14, 2023 filing (Ex. 1), there is conclusively no registered agent, president, or vice president of Merrill located at 250 Vesey Street, New York, New York 10281.  *See* Wells Decl., Ex. 2 at ¶ 2.  Indeed, no Merrill employee has occupied the corporation's former offices at Four World Financial Center since May 2022.  *Id.*  Consistent with this, the "Return of Service" filed by the state court clerk indicates service of process was accepted by an individual named Mario Ruiz.  *See* Ex. 3.  But, there is no employee of Merrill by that name.  Wells Decl., Ex. 2 at ¶ 3.  Rather, upon information and belief, that individual is an employee of the mailroom at 250 Vesey Street.  *Id.*  A mailroom employee of a building where Merrill ***has not maintained an office for over a year*** cannot accept service on Merrill's behalf under Texas law.  *Cf. Talamantez,* 2016 WL 5390154, at *6 (stating the plaintiff had not cited "case law that a mailroom employee is an authorized agent to receive service of process on behalf of[, in that case,] a municipal entity").  Accordingly, Plaintiff has plainly failed to serve a registered agent, president, or vice president of Merrill, as required to effectuate service of process under the Texas Rules of Civil Procedure.

### 2. *Good cause to extend the time for service does not exist in this case.*

While "[u]pon a showing of good cause for the failure of service, the Court must extend the time for service," no such good cause exists here.  *Winegarner,* 2010 WL 5489617, at *5 (citing Fed. R. Civ. P. 4(m)).  "Good cause is more than inadvertence, . . . or ignorance of the rules."  *Id.*  Rather, "Plaintiff must show excusable neglect, as well as establish good faith and a reasonable

---

[2] "[T]he Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Coleman,* 2021 WL 1725523, at *1 n.2 (internal citation omitted).

basis for not serving the summons and complaint" in accordance with the rules. *Id.* A "plaintiff's *pro se* status does not excuse the failure to properly effect service." *Lyons v. Starbucks Coffee Co.,* No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020), *report and recommendation adopted,* No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020); *see also Flander v. Kforce, Inc.,* 526 Fed.Appx. 364, 368 (5th Cir. 2013).

As of the date of this Motion, Plaintiff has had over four months since filing this lawsuit on May 9, 2023 to properly serve Merrill, and he has not done so. *See* Dkt. No. 2-3. Indeed, Plaintiff did not even request citations addressed to the incorrect, 250 Vesey Street address until 97 days after the lawsuit was initiated. *See* Ex. 1. Further, even assuming *any* Merrill business were still located at the 250 Vesey Street address, such that it might possibly be considered by the Court as an appropriate address for substituted service, Texas law requires that the Plaintiff use "reasonable diligence in seeking service on the registered agent of [a] corporation" before pursuing substituted service. *Ingram Industries, Inc. v. U.S. Bolt Mfg., Inc.,* 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist.] 2003, no pet.). There is no indication Plaintiff has made any effort to first serve Merrill via its registered agent—a failure which is not excused by his *pro se* status or any claimed "ignorance of the rules."

For these reasons, the Court should dismiss the Petition with prejudice for insufficient service of process, without good cause shown.

### C. The Court should dismiss the Petition under Fed. R. Civ. P 12(b)(6) for the additional reason that Plaintiff has failed to state a claim upon which relief can be granted.

The Petition should be dismissed for the additional, independent reason that it fails to state a claim upon which relief can be granted. Merrill cannot readily discern what legal claim(s) Plaintiff seeks to advance in the first instance. This alone warrants dismissal of Plaintiff's Petition, as it fails to give Merrill fair notice of the claim(s) against it. Nonetheless, to the extent Plaintiff

intends to state a claim for conversion, the "Ownership of the Business the Bank Merrill Lynch" and "earnings, assets, money involved in any unauthorized transaction" are not the proper subject of a conversion claim under Texas law. Second, the entire factual predicate of Plaintiff's Petition—namely, that he is the original owner and founder of Merrill—can be objectively refuted with judicially noticeable facts.

### 1) The Petition fails to adequately plead conversion—or any other type of claim—against Merrill.

In the first instance, Plaintiff has not identified any legal theory upon which his claim(s) rest. Accordingly, Plaintiff has failed to "give [Merrill] fair notice of what the claim is and the grounds upon which it rests"—a pleading standard to which even *pro se* complaints must adhere. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted); *see also Bagwell v. Country Wide Home Loans Servicing, LP,* No. 3:09-CV-1358-P, 2010 WL 11565475, at *1 (N.D. Tex. Mar. 18, 2020) (stating *pro se* complaints must "set forth the allegations in sufficient detail to provide the other party with fair notice of the nature of the claim" in accordance with Rule 8).

At most, Merrill speculates that Plaintiff **might be** attempting to assert a claim for conversion, based on his pursuit of the "return of Ownership of the Business the Bank Merrill Lynch and the return of earnings, assets, money involved in any unauthorized transaction." Dkt. No. 2-3 at 2. However, Texas conversion law "concerns only physical property." *Carson v. Dynegy, Inc.,* 344 F.3d 446, 456 (5th Cir. 2003) (citing *Waisath v. Lack's Stores,* 474 S.W.2d 444, 447 (Tex. 1971)). Accordingly, Plaintiff's alleged intangible ownership rights in Merrill are not the proper subject of a conversion claim. *See also Union Sav. Am. Life Ins. Co. v. N. Cent. Life Ins. Co.,* 813 F.Supp. 481, 493 (S.D. Miss. Feb. 2, 1993) (stating "a business relationship is not the proper subject of a conversion claim").

As to Plaintiff's demand for the return of "earnings, assets, money involved in any unauthorized transaction," Dkt. No. 2-3 at 2, "[a]ctions for conversion of money are available in Texas only where 'money is (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper.'" *In re TXB Internal Case,* 483 F.3d 292, 308 (5th Cir. 2007) (quoting *Edlund v. Bounds,* 842 S.W.2d 719, 727 (Tex. App.—Dallas 1992, writ denied)).  In other words, the plaintiff must be able to "trace the exact funds claimed to be converted," or describe or identify the money as a specific chattel—not a general indebtedness that can be discharged by a payment of money generally. *Taylor Pipeline Const., Inc. v. Directional Road Boring, Inc.,* 438 F.Supp.2d 696, 708 (E.D. Tex. 2006) (internal citations omitted).

Here, however, Plaintiff has not identified in his Petition any specific money that were (1) delivered to Merrill for safekeeping; (2) intended to be kept segregated from Merrill's other "revenue, Income, earnings and Assets"; (3) substantially in the form in which was received or an intact fund; and (4) not the subject of a title claim by Merrill.  In other words, the generalized pool of Merrill's "revenue, Income, earnings and Assets" Plaintiff seeks to recover is not the proper subject of a conversion claim. Dkt. No. 2-3 at 1.  Further, Merrill naturally has a title claim to its own "revenue, Income, earnings, and Assets." *Id.*  Accordingly, while Plaintiff has plainly failed to give Merrill fair notice of any claim against it, Plaintiff allegations are insufficient to state a claim for conversion under Texas law in particular, to the extent that was his aim.

> 2) **Plaintiff's central factual allegations are easily refuted with judicially noticeable facts.**

Regardless of the particular legal theory Plaintiff intended to advance, it is readily apparent that, at its core, the Petition is a "bizarre conspiracy theory" resting on "truly fanciful allegations."

*Isom v. U.S. Dept. of Health and Human Servs.,* No. 4:21-CV-00274-SDJ-CAN, 2021 WL 2229731, at *2 (E.D. Tex. Apr. 22, 2021).

Plaintiff's factual allegations center on one fantastical premise: that he is "the original Founder and Owner of the Bank Merrill Linch/Lynch." Dkt. No. 2-3 at 1. In support of the same, Plaintiff states "[t]he Business Ownership is Originally Registered by the Plaintiff in the Plaintiff's name at the time Author Manning II or Jr." *Id.* at 2. While Merrill is not required to put forth judicially noticeable facts to refute wholly incredible allegations, there are nonetheless readily available "matters of public record" that refute these basic underpinnings of Plaintiff's Petition.[3] As demonstrated by the attached Delaware Certificate of Incorporation, Merrill was originally incorporated in Delaware in 1958 as "Merrill Lynch, Pierce, Fenner & Smith Incorporated" by M. W. McCarthy, J. E. Thomson, and W. A. Forrester, Jr—not by Plaintiff and not in the Plaintiff's name. *MLPF&S Delaware Cert. of Incorporation,* Ex. 4 at Art. IX. Further, based on his own representations in publicly available filings in other lawsuits, Plaintiff was not even born until 1981—**23 years after** Merrill was incorporated in 1958. *See Author James Manning II v. Sony PlayStation Interactive,* No. 03-22-00226-CV (Tex. App.—Austin July 10, 2022) [Statement of Inability to Afford Payment of Court Costs or an Appeal Bond], Ex. 5. Of course, based on the plain meaning of the term alone, Merrill was also *founded* (in 1914) much earlier than it was

---

[3] The Court may properly consider the Delaware Certificate of Incorporation, attached as **Exhibit 4**, and the Statement of Inability to Afford Payment of Court Costs or an Appeal Bond previously publicly filed in an appeal by Plaintiff, attached as **Exhibit 5**, as "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007). In particular, courts in this Circuit have found it appropriate to take judicial notice of public documents filed with the Secretary of State. *See, e.g., In re Northstar Offshore Group, LLC,* 616 B.R. 695, 713 (Bankr. S.D. Tex. 2020) ("A court may take judicial notice of public disclosure documents filed with the Secretary of State."); *In re Xtreme Power Inc.,* 563 B.R. 614, 631 (Bankr. W.D. Tex. 2016) (taking judicial notice of Certificate of Incorporation filed with the Delaware Secretary of State); *In re Think3, Inc.,* 529 B.R. at 171 ("In the context of Motions filed by Defendants under Rule 12(b)(6), this Court will only take judicial notice of public documents that have been filed with the Delaware Secretary of State . . . [T]hese documents bear a governmental seal or signature, and their accuracy is beyond reasonable dispute.") (citation omitted); *see also Schott v. Nobilis Health Corp.,* 211 F.Supp.3d 936, 947 (S.D. Tex. 2016) ("In securities cases, courts may take judicial notice of the contents of public disclosure documents that the law requires be filed with government agencies, such as the SEC, and that are actually filed with the agency.").

*incorporated.* Accordingly, Plaintiff's allegations that he is an original owner, founder, and registrant of Merrill are not only implausible, but virtually impossible.

While ordinarily *pro se* plaintiffs should be afforded the opportunity to amend the pleadings prior to dismissal, *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009), "an opportunity to amend is unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Hollis v. Webber,* No. 4:22-cv-00032-O-BP, 2022 WL 528555, at *2 (N.D. Tex. Feb. 7, 2022) (quoting *Eason v. Thaler,* 14 F.3d 8, 8-9 n.5 (5th Cir. 1994) (internal quotation marks omitted)). As demonstrated above, if Plaintiff is permitted to amend his pleadings in this case, he "would be incapable of manufacturing a legally cognizable claim and would further waste time and resources on a delusional case devoid of merit." *Hollis,* 2022 WL 528555, at *2.

Thus, Plaintiff's Petition should be dismissed, with prejudice, because it is factually implausible and thereby fails to state a claim upon which relief can be granted.

## IV.
## CONCLUSION

For all the foregoing reasons, the Court should dismiss the Petition in its entirety, with prejudice, under Fed. R. Civ. P. 12(b)(5) and 12(b)(6), as Plaintiff has failed to properly effectuate service or state a claim upon which relief can be granted.

Dated: September 28, 2023

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: /s/ *Ellen Sessions*
    Ellen Sessions
    Texas Bar No. 00796282
    ellen.sessions@nortonrosefulbright.com
    2200 Ross Avenue, Suite 3600
    Dallas, TX 75201
    Telephone: (214) 855-7465
    Facsimile: (214) 855-8200

    Taylor Shields
    Texas Bar No. 24126440
    taylor.shields@nortonrosefulbright.com
    1225 Seventeenth Street, Suite 3050
    Denver, CO 80202
    Telephone: (303) 801-2700
    Facsimile: (303) 801-2777

    ***Counsel for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated***

# APPENDIX A

**I.   Trial Court Actions**

1. *Graffic Knights LLC; Author Manning II v. Manning v. General Motors,* No. D-1-GN-21-000197 (459th Dist. Ct., Travis County, Tex. Oct. 2, 2018)

2. *Author J. Manning Jr., Graffic Knights, Spectrem Swarm..LLC v. Spectrum Gulf Coast, LLC (Time Warner)*, No. 6:20-cv-00594 (E.D. Tex.), *removed from* No. 2020-201 (4th Dist. Ct., Rusk County, Tex. Oct. 2, 2020)

3. *Author J. Manning Jr. v. Alpha Acquico LLC,(Red Bird) Capital,* No. 2021-012 (4th Dist. Ct., Rusk County, Tex. Jan. 12, 2021)

4. *Manning v. 20th Century Studios,* No. D-1-GN-21-002266 (353rd Dist. Ct., Travis County, Tex. May 17, 2021)

5. *Author Manning II The Owner of the Graffic Knyghts..LLC v. Viacom CBS Inc., Paramount, Nickelodeon,* No. 1:21-cv-00544 (W.D. Tex.), *removed from* No. D-1-GN-21-002272 (353rd Dist. Ct., Travis County, Tex. May 17, 2021)

6. *Graffic Knights LLC; Author Manning II v. Verizon,* No. D-1-GN-21-002669 (455th Dist. Ct., Travis County, Tex. June 7, 2021)

7. *Graffic Knights LLC; Author Manning II v. Apple Inc.,* No. 1:21-cv-00634 (W.D. Tex.), *removed from* No. 1-GN-002670 (200th Dist. Ct., Travis County, Tex. June 7, 2021)

8. *Graffic Knights LLC; Author Manning II v. General Motors,* No. D-1-GN-21-002671 (250th Dist. Ct., Travis County, Tex. June 7, 2021)

9. *Manning v. Nintendo 64, Arcade Video, Nintendo Game Cube, Nintendo Logo, Nintendo of America Inc, Nintendo Video Game Item, Retro Studios Video Games, Super Nintendo Switch, Video Game, Wii, Wii U,* No. D-1-GN-21-002661 (200th Dist. Ct., Travis County, Tex. June 7, 2021)

10. *Graffic Knights LLC; Author Manning II v. T Sprint,* No. D-1-GN-21-002666 (126th Dist. Ct., Travis County, Tex. June 7, 2021)

11. *Graffic Knights LLC; Author Manning II v. Alpha Acquic LLC,* No. D-1-GN-21-002674 (126th Dist. Ct., Travis County, Tex. June 8, 2021)

12. *Graffic Knights LLC; Author Manning II v. Sony Playstation Interactive,* No. D-1-GN-21-002680 (419th Dist. Ct., Travis County, Tex. June 8, 2021)

13. *Author Manning II v. Merrill Lynch,* No. D-1-GN-21-002691 (345th Dist. Ct., Travis County, Tex. June 8, 2021)

14. *Graffic Knights LLC; Author Manning II v. Sony Play Station Interactive,* No. D-1-GN-21-002672 (353rd Dist. Ct., Travis County, Tex. June 8, 2021).

15. *Author James Manning II v. Sony Playstation Interactive,* No. D-1-GN-21-002681 (459th Dist. Ct., Travis County, Tex. June 8, 2021)

16. *Graffic Knights LLC, Author James Manning II v. Microsoft,* No. D-1-GN-21-002826 (261st Dist. Ct., Travis County, Tex. June 11, 2021)

17. *Author James Manning II v. EA Electronic Arts,* No. D-1-GN-21-003253 (98th Dist. Ct., Travis County, Tex. July 12, 2021)

18. *Author James Manning II v. Saban,* No. D-1-GN-21-003280 (53rd Dist. Ct., Travis County, Tex. July 12, 2021)

19. *Author James Manning II v. Warner Media Direct LLC,* No. C-1-CV-21-003980 (Co. Ct. at Law No. 1, Travis County, Tex. Aug. 20, 2021)

20. *Author J. Manning Jr., Author James Manning Jr v. Viacom CBS Inc., Viacom CBS Inc, Legal Dept,* No. 2021-288 (4th Dist. Ct., Rusk County, Tex. Nov. 29, 2021)

21. *Author James Manning Jr. v. Apple Inc., Apple Inc. Austin Offices,* No. C-1-CV-22-000905 (Co. Ct. at Law No. 2, Travis County, Tex. Mar. 21, 2022)

22. *Author James Manning Jr. v. At&t Inc, At&t Warner Media Direct LLC Legal Dept.,* No. C-1-CV-22-001006 (Co. Ct. at Law No. 1, Travis County, Tex. Mar. 24, 2022)

23. *Author James Manning Jr. v. Sony Entertainment, Sony PlayStation Interactive,* No. C-1-CV-22-001158 (Co. Ct. at Law No. 1, Travis County, Tex. Apr. 7, 2022)

24. *Author James Manning Jr. v. Paramount,* No. 6:23-cv-00444 (E.D. Tex.), *removed from* No. 2023-097 (4th Dist. Ct., Rusk County, Tex. May 9, 2023)

25. *Author Manning the II v. Merrill Lynch, Bank of America,* No. 6:23-cv-00475 (E.D. Tex.), *removed from* No. 2023-099 (4th Dist. Ct., Rusk County, Tex., May 9, 2023)

26. *Author J. Manning Jr. v. 20th Century Fox Stidios, Bandai Namco Entertainment Inc, CAP COM, Electronic Arts, Funimation Headquarters, Marvel Entertainment Inc, Saban Entertainment, The Walt Disney Company, Time Warner bros. Discovery, Time Warner Media, At&t Inc.,* No. 23-2162-B (114th Dist. Ct., Smith County, Tex. Sept. 5, 2023)

27. *Manning v. Microsoft, Bill Gates, Apple Inc., Sony, Sony Playstation Interactive, Nintendo, Mobile Legends, Unity,* No. 23-2271-C/B (114th Dist. Ct., Smith County, Tex. Sept. 18, 2023)

## II.     Appeals

1. *Author Manning The II, and The Graphic Knights v. Sony and Sony Playstation,* No. 03-21-00263-CV (Tex. App.—Austin June 8, 2021)

2. *Author Manning The II, and The Graphic Knights v. Nintendo,* No. 03-21-00264-CV (Tex. App.—Austin, June 8, 2021)

3. *Author Manning, II;The Graffic Knights v. Sony, Sony Playstation,* No. C-1-CV-21-002872 (Co. Ct. at Law No. 1, Travis County, Tex. June 23, 2021)[4]

4. *Author Manning II v. Sony PlayStation Interactive* [Mandamus], No. 03-22-00226-CV (Tex. App.—Austin, Apr. 22, 2022)

5. *Author Manning II v. Merrill Lynch,* No. 03-22-00243-CV (Tex. App.—Austin, Apr. 26, 2022)

6. *Author Manning II v. General Motors,* No. 03-22-00244-CV (Tex. App.—Austin, Apr. 27, 2022)

7. *Author James Manning, Jr. v. Viacom CBS, Inc.,* No. 12-23-00113-CV (Tex. App.—Tyler, May 5, 2023)

---

[4] Although Justice of the Peace Court actions have not been separately listed above, this appeal notably related to ***seventeen*** separate actions filed by "Author Manning the, II, Graffic Knights" against "Sony, Sony PlayStation" in Travis County Justice of the Peace Court Precinct No. Two, all filed on March 25, 2021.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2023, the foregoing document was served in accordance with the Federal Rules of Civil Procedure on the following:

Author Manning the II
Legalknights55@gmail.com
9798 County Road 165
Overton, TX 75684
Phone: (903) 424-4330

               */s/ Ellen Sessions*
                Ellen Sessions