IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AUTHOR J. MANNING, JR. § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CASE NO. 6:23-CV-00475-JCB-KNM |
| MERRILL LYNCH, BANK OF § | |
| AMERICA, § | |
| § | |
| *Defendant.* § | |
| § | |

### REPORT & RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated's Motion to Dismiss. Doc. No. 6.[1] Defendant Merrill seeks dismissal of the claims brought by Plaintiff Author J. Manning, Jr., pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Defendant's Motion to Dismiss (Doc. No. 6) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**. The Court further **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. No. 7) be **DENIED WITHOUT PREJUDICE** and that Plaintiff's Motions to Appoint Counsel (Doc. No. 14, Doc. No. 16) be **DENIED**.

### BACKGROUND

Plaintiff, proceeding pro se, initiated this lawsuit in the 4th Judicial District Court of Rusk County, Texas on May 9, 2023.[2] On August 14, 2023, Plaintiff filed a document in state court that stated: "Citations are requested issued by Certified Mail . . . to the Defendant : Merrill Lynch

---

[1] Defendant files the Motion to Dismiss as "Merrill Lynch, Pierce, Fenner & Smith Incorporated" because the named entity "Merrill Lynch, Bank of America" does not exist. Doc. No. 6 at 1 n.1.
[2] Doc. No. 2-3.

Bank Bank [*sic*] of America At Address: Two World Financial Center, 250 Vesey Street North Tower;, [*sic*] New York, 10080, NY."[3] The state court clerk issued citation to "Merrill Lynch, Bank of America" and addressed it pursuant to Plaintiff's August 14th filing.[4]

Defendant removed the case to this Court on September 21, 2023.[5] Defendant filed its Motion to Dismiss on September 28, 2023.[6] On October 10, 2023, Plaintiff filed a document entitled "Motion for Summary of Judgment, Response to the Defendant's Motion for Removal and the Defendant's Motion to Dismiss."[7] Plaintiff's "Motion for Summary of Judgment" is indistinguishable from the portions of his filing comprising his Response to Defendant's Motion to Dismiss.

Plaintiff alleges in the Complaint that he is the original founder and owner of Merrill and that he "used [his] own money titles and logos to build the Bank."[8] He states he "[has] lost contact with the bank and ownership has not been updated for many years."[9] He also contends the merger between Merrill and "another bank company" was an "unauthorized transaction."[10] Although Plaintiff's precise cause of action is not clear, he states "I am Pursuing the return of Ownership of the Business the Bank Merrill Lynch and the return of earnings, assets, money involved in any unauthorized transaction. Additional relief in the amount of $500,000,000."[11] Liberally construed, this appears to be a claim for conversion.

---

[3] Doc. No. 6-1.
[4] Doc. No. 2-4.
[5] Doc. No. 2.
[6] Doc. No. 6.
[7] Doc. No. 7.
[8] Doc. No. 4 at 1.
[9] Doc. No. 4 at 1.
[10] Doc. No. 4 at 2.
[11] Doc. No. 4 at 2.

Defendant moves to dismiss Plaintiff's Complaint on two independent grounds: first, based on insufficient service of process under Federal Rule 12(b)(5), and second, based on failure to state a claim under Federal Rule 12(b)(6).

## DEFENDANT'S MOTION TO DISMISS

### I. Standard of Review

#### a. Insufficient service of process under Federal Rule 12(b)(5)

Rule 12(b)(5) authorizes a party to file a motion to dismiss for insufficient service of process. FED. R. CIV. P. 12(b)(5). A motion to dismiss pursuant to Rule 12(b)(5) "turns on the legal sufficiency of the service of process," and "[t]he party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). Normally, courts resort to dismissal only after multiple chances were given for the plaintiff to properly serve the defendant. *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-231, 2021 WL 1725523, at *3 (E.D. Tex. Apr. 12, 2021), *report and recommendation adopted*, No. 4:19-CV-231, 2021 WL 1721706 (E.D. Tex. Apr. 30, 2021); *Bowling v. Childress-Herres*, No. 4:18-CV-610, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019), *report and recommendation adopted*, No. 4:18-CV-610, 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019).

#### b. Failure to state a claim under Federal Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Courts must construe the pleadings of pro se litigants liberally. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, "such a liberal construction does not require that the Court or a defendant create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). Even with pro se litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions," are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

Courts may also dismiss with prejudice "claims that are clearly baseless, including claims describing fantastical or delusional scenarios." *Starrett v. Dep't of Def.*, 763 Fed.Appx. 383, 383-84 (5th Cir. 2019) (citation and quotation marks omitted). Indeed, dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see, e.g., Starrett*, 763 Fed.Appx. at 384 (dismissing with prejudice a complaint based on "outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication using nonexistent technology").

II.     **Analysis**

a.  **Insufficient Service of Process**

This Court looks to the Texas Rules of Civil Procedure to determine whether service was properly made prior to removal. *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) (stating that a district court must look to state law to ascertain whether service was properly made prior to removal). Texas law specifies that service of process must be served

4

on the president, vice president, or registered agent of a corporation. *See* Tex. Bus. Orgs. Code §§ 5.201(a)–(b), 5.255.

Here, Plaintiff has failed to serve a registered agent, president, or vice president of Defendant Merrill, as required to effectuate service of process under the Texas Rules of Civil Procedure. Plaintiff requested citations generically addressed to "Merrill Lynch Bank Bank [*sic*] of America" at "Two World Financial Center, 250 Vesey Street North Tower, New York, 10080, NY."[12] Although Defendant's headquarters were previously located at 250 Vesey Street (in an office building named **Four** World Financial Center), Defendant vacated these offices in 2022.[13] Defendant asserts that there was no registered agent, president, or vice president of Merrill located at 250 Vessey Street at the time summons was issued.[14] Defendant further asserts that service of process was accepted by a mailroom employee of Four World Financial Center.[15] A mailroom employee cannot accept service on Merrill's behalf under Texas law.

"The Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n the occasions where the Court has granted dismissal for improper service, it was only after multiple chances were given." *Coleman*, 2020 WL 4723174, at *5 (internal quotation marks omitted). However, in this case Defendant also moves to dismiss under Rule 12(b)(6). The motion to dismiss should be granted on 12(b)(6) grounds for the reasons discussed below. Therefore, dismissal without prejudice under Rule 12(b)(5) is unnecessary. *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 746–54 (N.D. Tex. 2013) (considering arguments for dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was proper).

---

[12] Doc. No. 6-1.
[13] Doc. No. 6 at 8.
[14] Doc. No. 6 at 8.
[15] Doc. No. 6 at 8; Doc. No. 6-2 at 1.

### b. Failure to State a Claim

Defendant asserts that, in addition to being dismissed for insufficient service of process, Plaintiff's complaint should also be dismissed for failure to state a claim.[16] Defendant states there are multiple issues with the complaint: (1) Defendant cannot readily discern what legal claim(s) Plaintiff seeks to advance in the first instance; (2) to the extent that Plaintiff attempts to assert a claim for conversion, the complaint fails to adequately plead conversion; and (3) Plaintiff's central factual allegations are easily refuted with judicially noticeable facts.[17]

Plaintiff's complaint does not articulate a coherent legal claim that satisfies Rule 12(b)(6). Plaintiff's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers because he appears pro se. *Andrade*, 459 F.3d at 543. However, even under the most liberal construction, the only cause of action the Court can discern is a possible claim for conversion. This is based on Plaintiff's statement in the complaint that he is "[p]ursuing the return of Ownership of the Business the Bank Merrill Lynch and the return of earnings, assets, money involved in any unauthorized transaction. Additional relief in the amount of $500,000,000."[18]

The Court agrees with Defendant that, to the extent Plaintiff attempts to assert a claim for conversion, the complaint fails to adequately plead a conversion claim. Under Texas law, a plaintiff may only assert a conversion claim related to tangible, physical objects. *Real Est. Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344, 350 (5th Cir. 2011). Plaintiff's alleged ownership rights in Merril are not a tangible, physical object and therefore cannot be the subject of a conversion claim. The "return of earnings, assets, [and] money

---

[16] Doc. No. 6 at 9.
[17] Doc. No. 6 at 9–12.
[18] Doc. No. 4 at 2.

involved in any unauthorized transaction" is also not the proper subject of a conversion claim.[19] Actions for conversion of money are available in Texas only where "money is (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper." *In re TXNB Internal Case*, 483 F.3d 292, 308 (5th Cir. 2007) (quoting *Edlund v. Bounds,* 842 S.W.2d 719, 727 (Tex.App.—Dallas 1992, writ denied)). Plaintiff's complaint does not allege any of these elements necessary to state a claim for conversion of money under Texas law.

Plaintiff's central allegation can be refuted with judicially noticeable facts. Plaintiff claims to be an original founder and owner of Merrill. The only fact Plaintiff asserts to establish this is that "[t]he Business Ownership is Originally Registered by the Plaintiff in the Plaintiff's name at the time Author Manning II or Jr."[20] To refute this allegation, Defendant points to Merrill's Delaware Certificate of Incorporation and states that "Merrill was originally incorporated in Delaware in 1958 as 'Merrill Lynch, Pierce, Fenner & Smith Incorporated' by M. W. McCarthy, J. E. Thomson, and W. A. Forrester—not by Plaintiff and not in the Plaintiff's name."[21]

"It is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Merrill's Delaware Certificate of Incorporation bears a government seal or signature, and its accuracy cannot be reasonably questioned. Therefore, this Court can take judicial notice of the Certificate of Incorporation. *See In re Xtreme Power Inc.*, 563 B.R. 614, 631 (Bankr. W.D. Tex. 2016) (taking judicial notice of Certificate of Incorporation filed with the Delaware Secretary of State because it bore a governmental seal or signature and its accuracy could not be reasonably questioned).

---

[19] Doc. No. 4 at 2.
[20] Doc. No. 4 at 2.
[21] Doc. No. 6 at 12; Doc. No. 6-4.

The 1958 Delaware Certificate of Incorporation successfully refutes Plaintiff's central allegation—that Merrill was originally "registered . . . in the Plaintiff's name."[22] Plaintiff's response to Merrill's motion to dismiss does not address the certificate of incorporation or any of Merrill's other arguments for dismissal.

"When a plaintiff's complaint fails to state a claim, a district court generally should provide the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Newell v. U.S. Bank Trust Nat'l Ass'n,* No. H-13-0865, 2013 WL 2422660, at *2 (S.D. Tex. June 3, 2013) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). An opportunity to amend is also "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8–9 & n.5 (5th Cir. 1994).

Even if Plaintiff's complaint is given the most deferential review, it is highly unlikely that, given the opportunity, Plaintiff could allege viable legal claims. If allowed to amend his pleadings, Plaintiff would be incapable of manufacturing a legally cognizable claim and would waste further judicial resources. This is apparent in the response filed by Plaintiff, which is as fragmented and as difficult to decipher as Plaintiff's original complaint.[23]

Plaintiff's response fails to defend any of his claims and does not address any of the arguments made by Merrill in its motion to dismiss. Plaintiff appears to use his response to make new allegations that Merrill "defamed the Plaintiff of his original ownership and achievements"

---

[22] Doc. No. 4 at 2.
[23] *See* Doc. No. 7.

and "[v]iolated the employee contract agreement."[24] To the extent Plaintiff attempts to raise any new claims in his response, the Court notes that it is "wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-CV-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, No. 3:18-CV-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019). Because Plaintiff has pleaded his "best case" and an amended claim would remain frivolous, the Defendant's motion to dismiss on 12(b)(6) grounds should be granted and the Plaintiff's complaint should be dismissed with prejudice.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. FED. R. CIV. P. 56(a). "[I]n the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *George v. Go Frac, LLC*, No. 15-cv-943, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) (citing *Gabarick v. Laurin Mar. (Am.), Inc.*, 406 F. App'x 883, 890 (5th Cir. 2010); *Sunbelt Sav., FSB Dall., Tex. v. Montross*, 923 F.2d 353, 358 (5th Cir. 1991)). "[T]he Supreme Court has made clear that the granting of summary judgment is limited until there has been 'adequate time for discovery.'" *George*, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

On October 10, 2023, Plaintiff filed the document entitled "Motion for Summary of Judgement, Response to the Defendant's Motion for Removal and the Defendant's Motion to Dismiss."[25] Discovery has not commenced in this case, and no scheduling order has been issued. Therefore, granting the Plaintiff's Motion for Summary Judgment at this stage would be

---

[24] Doc. No. 7 at 3. In addition, Plaintiff's response identifies "Merrill Lynch" and "Bank of America" as two separate defendants for the first time. *Id.*
[25] Doc. No. 7.

9

premature. Additionally, Plaintiff's Motion for Summary Judgment should be denied because Plaintiff does not identify any claim on which his Motion for Summary Judgment rests pursuant to Federal Rule of Civil Procedure 56. Plaintiff has not attached or cited to any documents, affidavits, or other evidence in his Motion for Summary Judgment. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, to the extent that Plaintiff seeks summary judgment review, this request should be denied without prejudice.

## PLAINTIFF'S MOTIONS TO APPOINT COUNSEL

Plaintiff has filed two separate motions to appoint counsel.[26] The appointment of counsel in a civil case is a privilege and not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Appointment of counsel for a civil litigant rests within the sound discretion of the trial court. *See id*. Plaintiff is not entitled to appointed counsel in this case. His motions to appoint counsel do not show why this case presents exceptional circumstances or why counsel is necessary in this case to present meritorious issues to the Court. *See id*. Both of Plaintiff's motions to appoint counsel should be denied.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. No. 6) be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE**. The Court further **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. No. 7) be **DENIED WITHOUT PREJUDICE** and that Plaintiff's Motions to Appoint Counsel (Doc. No. 14, Doc. No. 16) be **DENIED**.

---

[26] Doc. No. 14; Doc. No. 16.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 17th day of January, 2024.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE