UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00475

**Author J. Manning, Jr.,**
*Plaintiff,*

v.

**Merrill Lynch Pierce Fenner & Smith Inc.,**
*Defendant.*

# ORDER

Plaintiff Author J. Manning, Jr., proceeding pro se, initiated this action on May 9, 2023, in the 4th Judicial District Court of Rusk County, Texas. Doc. 4. Defendant Merrill Lynch removed the case to this court on September 21, 2023. Doc. 2. This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

The magistrate judge issued a report recommending that defendant's motion to dismiss be granted and the case be dismissed with prejudice. Doc. 17. The report further recommended denying plaintiff's motion for summary judgment without prejudice and denying plaintiff's motions to appoint counsel. *Id.*

Plaintiff timely filed three written objections to the report (Docs. 18, 22, 23), a motion to reopen case (Doc. 20), and a motion for new trial (Doc. 21) (collectively, "objections"). Due to plaintiff's pro se status, the court interprets all three documents as plaintiff's objections to the report. Defendant submitted a response to plaintiff's objections. Doc. 25.

The court reviews the objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The objected-to portions of the report are those findings or recommendations to which the party specifically objects. To be specific, an objection must identify the specific finding or recommendation to which objection is made. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). "Frivolous,

conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

## Discussion

Plaintiff's filings set out two specific objections to the report: (1) that the magistrate judge erroneously took judicial notice of defendant's Delaware Certificate of Incorporation, and (2) that plaintiff is entitled to appointed counsel.

The magistrate judge found that plaintiff's central allegation — that he is an original founder and owner of Merrill Lynch — could be refuted with judicially noticeable facts. Doc. 17 at 7. The magistrate judge took judicial notice of defendant's Delaware Certificate of Incorporation and found that Merrill Lynch was not incorporated by plaintiff or in plaintiff's name. *Id.* Plaintiff objects to the report's consideration of the Certificate of Incorporation on the grounds that "research from the internet cannot be trusted," and that the Delaware registration history is "fraudulent." Doc. 18 at 2. The magistrate judge properly took judicial notice of the Certificate of Incorporation because it bears a government seal or signature, and its accuracy cannot be reasonably questioned. Doc. 17 at 7; *In re Xtreme Power Inc.*, 563 B.R. 614, 631 (Bankr. W.D. Tex. 2016).

Plaintiff also objects to the report's denial of his two motions to appoint counsel. Plaintiff asserts that he has the right to court-appointed counsel under 18 U.S.C. § 3006A(c). Doc. 18 at 2. As a general matter, 18 U.S.C. § 3006(A) pertains to the representation of defendants in criminal cases and does not provide appointment of counsel for civil litigants in cases such as this one.

Even if the court considered plaintiff's request for counsel as one under 28 U.S.C. § 1915(e)(1), his request would still fail. Plaintiff has stated he is not able to afford counsel. Doc. 16. However, plaintiff has not provided evidence that he is indigent, such as that required by a motion to proceed *in forma pauperis (*IFP). Additionally, as noted in the report, the appointment of counsel in a civil case is a privilege and not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir.

1982). Plaintiff's motions to appoint counsel do not show why this case presents exceptional circumstances or why counsel is necessary in this case to present meritorious issues to the court. *See id.*

To the extent that plaintiff treats the filing of objections as an opportunity to allege new facts not in his original complaint, such action is improper. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992)).

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Defendant's motion to dismiss (Doc. 6) is granted and plaintiff's claims are dismissed with prejudice. All pending motions are denied as moot.

*So ordered by the court on July 29, 2024.*

J. CAMPBELL BARKER
United States District Judge